IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 10-cv-02100-WYD-CBS

BRENT E. MOORE,

    Plaintiff,

v.

UNITED AIR LINES, INC.,

    Defendant.

## ORDER ON MOTION TO DISMISS

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Defendant's Rule 12(b)(6) Motion to Dismiss filed November 11, 2010. The motion argues that the claims in the Complaint asserted under the Uniformed Services Employment and Reemployment Rights Act ["USERRA"], 38 U.S.C. §§ 4301, *et seq.*, are time-barred under the applicable four-year statute of limitations set forth in 28 U.S.C. § 1658(a). A response was filed on December 2, 2010, and a reply was filed on December 16, 2010. For the reasons stated below, Defendant's motion is granted and this case is dismissed.

II.    <u>FACTUAL BACKGROUND</u>

This is an action for damages and injunctive relief due to alleged violations of USERRA. (Compl., ¶ 1.) The Complaint alleges that all relevant times, Plaintiff was a uniformed service member and a commissioned officer in the United States Air Force or

the United States Air Force Reserve.  (*Id.*, ¶7.)  Defendant United Air Lines, Inc. ["UAL"] was purportedly aware of this.  (*Id.*, ¶ 8.)

On October 15, 1996, Plaintiff was invited to interview with UAL for a Flight Officer Induction Program.  (Compl., ¶ 9.)  Plaintiff contacted UAL's Flight Officer Employment Office and informed them that while he would like to interview with UAL for this Program, he had not yet completed a limited tour of duty with the United States Air Force.  (*Id.*, ¶ 10.)  UAL's Flight Officer Employment Office told Plaintiff that he would have to let his current application for employment expire and turn down the interview opportunity because UAL's policy required applicants to be available for initial training within six (6) months of application.  (*Id.*, ¶ 11.)

Plaintiff then called Roger Vesely ["Vesely"], the manager of UAL's Flight Officer Employment.  (Compl., ¶ 12.)  Rather than decline Plaintiff's application and return it to him with an explanation of the UAL policy, Vesely instructed Plaintiff to wait until six months before his availability date and then call him back to obtain an interview.  (*Id.*)  Plaintiff called back six months later on May 12, 1997, and was invited again to interview by UAL.  (*Id.*, ¶ 13.)  UAL scheduled an interview for Plaintiff on July 25, 1997, and Plaintiff was interviewed on that date.  (*Id.*, ¶¶ 14-15.)  Plaintiff advised UAL at that time that his availability for employment was December 1, 1997.  (*Id.*, ¶ 15.)

On August 13, 1997, as a result of the favorable interview three weeks earlier, Plaintiff was extended a conditional offer of employment which was conditioned upon his successful completion of a medical evaluation and background check.  (Compl., ¶ 16.)  By September 4, 1997, Plaintiff had completed the required medical examination

and passed the background check. (*Id.*, ¶ 17.) On September 26, 1997, Plaintiff was sent a letter by UAL advising him that he had been accepted into the Flight Officer Training Program and that he would be offered a place in the next available training class. (*Id.*, ¶ 18.)

On November 24, 1997, Plaintiff was released from military duty at his Air Force Unit and was available for hire and training class with UAL on December 1, 1997-- just as he indicated to UAL during his interview four months earlier. (Compl., ¶ 19.) UAL's Flight Officers hired on December 1, 1997 have a seniority number of 5642. (*Id.*, ¶ 20.) Plaintiff was not hired by UAL on December 1, 1997, nor did he start in the "next available training class" as UAL's letter of acceptance stated. (*Id.*, ¶ 21.) Instead, Plaintiff was not made an offer until June 16, 1998, to start a training class that was to begin on August 10, 1998 or later. (*Id.*)

Plaintiff did not actually begin his training with UAL until October 26, 1998, almost a full year after he first made himself available on December 1, 1997. (Compl., ¶ 22.) As a direct result, Plaintiff's seniority number is pegged at 6039—nearly 400 seniority places behind where he alleges it should have been had he been allowed to interview after being invited by UAL for such on October 15, 1996 or to start training with the class that began on December 1, 1997. (*Id.*) Plaintiff alleges that he was denied initial employment with UAL in December of 1997 due to his obligation to perform military service in the United States Air Force and the discriminatory policy of UAL. (*Id.*, ¶ 23.) This policy had the net effect—if not the stated effect-- of denying applicants with military service obligations a UAL training start date until months after the applicants'

military obligations ended--despite the applicants actual availability for training class--all in violation of USERRA.  (*Id.*)

UAL's six (6) month availability policy was revised effective January, 2001 to extend the availability period for applicants from six (6) months to one (1) year. (Compl., ¶ 25.)  UAL revised its policy yet again in 2005 to eliminate any time limits for an applicant who is on active military duty.  (*Id.*, ¶ 26.)

In September 2002, Plaintiff filed a discrimination complaint with UAL and asked that it be forwarded to the United States Department of Labor ["DOL"].  (Compl., ¶ 27.) In February 2003, the DOL began contacting UAL on Plaintiff's behalf in an attempt to resolve the alleged discriminatory hiring practice issue.  (*Id.*, ¶ 28.)  On June 19, 2003, the DOL opened a USERRA Investigation of Plaintiff's discrimination complaint against UAL.  (*Id.*, ¶ 29.)  On January 5, 2005, Plaintiff filed a complaint with the DOL against the Airline Pilots Association for their refusal to revise his date of seniority established by UAL by virtue of UAL's discriminatory hiring practice.  (Compl., ¶ 30.)  Plaintiff requested that both investigations be forwarded to the United States Attorney General for consideration of representation.  (*Id.,* ¶ 31.)  On September 29, 2005, the United States Department of Justice declined representation of Mr. Moore's claims and apprised him of his right to seek private counsel or to file a lawsuit against his employer in a court of competent jurisdiction.  (*Id.*)

On October 10, 2008, Congress amended the USERRA.  *See* Pub. L. No. 110-389. Title III, § 311(f)(1), Oct. 10, 2008, 122 Stat. 4163 to 64.  Section 4327(b) expressly prohibits application of any time line to USERRA claims.

In December of 2009, Mr. Moore contacted his current counsel for representation of his USERRA claim against UAL. (Compl.,¶ 32.) Freedom of Information Act requests were sent by Plaintiff to the United States Department of Labor and the United States Department of Justice for his various files. (*Id.*) This matter was then filed in this Court on August 30, 2010, almost five years after the DOJ declined to prosecute his claims and over 12 years after UAL asserts that his claims accrued.

In his Complaint, Plaintiff alleges that (1) UAL's failure to hire him on December 1, 1997, and start him in a training class on that date was a violation of the anti-discrimination provisions of 38 U.S.C. § 4311 of USERRA, and (2) UAL's policy of requiring applicants (including Plaintiff) to be available for training within six months of their application was prohibited under 28 U.S.C.§ 4302(b) of USERRA. (Compl., ¶¶ 33-42.) Plaintiff seeks immediate readjustment of his seniority number to 5642 to reflect the same seniority number as those employed and initiating Flight Officer Training Class on December 1, 1997. (Compl., ¶¶ 43, 49.) He also seeks a restoration of all lost wages, back pay, benefits and allowances from December 1, 1997, until the present date, additional damages representing the difference in pay between the pay of UAL First Officer with a seniority number of 5642 and the pay of a UAL First Officer with a seniority number of 6039 (Plaintiff's status), until such time as Plaintiff's seniority number, pay, benefits and allowances are properly restored to a seniority and status reflecting a December 1, 1997 date of training commencement, liquidated damages, and fees and expenses, including attorney fees. (*Id.*, ¶¶ 48-48, 50-53.)

III.    ANALYSIS

    A.    Standard of Review

The Federal Rules of Civil Procedure provide that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

    B.    Analysis

        1.    Whether Plaintiff's Claims Are Barred by the Statute of Limitations

28 U.S.C. § 1658(a) states, "except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section

may not be commenced later than 4 years after the cause of action accrues." It applies to causes of action created by Congress after December 1, 1990, the effective date of the Act. This "catch-all" statute of limitations for federal claims has been held applicable to USERRA claims accruing after December 1, 1990. *See, e.g., Middleton v. City of Chicago*, 578 F.3d 655, 657-62 (7th Cir. 2009); *Roark v. Lee Co.*, No. 3:09-0402, 2009 WL 4041691, at *2 (M.D. Tenn. Nov. 20, 2009); *Wagner v. Novartis Pharmaceuticals Corp.*, 565 F. Supp. 2d 940, 945 (E.D. Tenn. 2008); *O'Neil v. Putnam Retail Management, LLP*, 407 F. Supp. 2d 310, 316 (D. Mass. 2005).

UAL argues that the claims at issue accrued in December 1997 when United (1) failed to hire him and place him in training and (2) applied its policy of requiring applicants to be available for training within six months of their application. Since Plaintiff did not file this lawsuit for more than 12 years later, UAL contends that his claims should be dismissed as untimely.

Plaintiff argues, on the other hand, that no statute of limitations applies to his claim. He relies on the fact that on October 10, 2008, Congress enacted the Veterans' Benefits Improvement Act ["VBIA"], Pub.L. No. 110-389, 122 Stat. 4145, which contains a provision stating that no limitations period applies to USERRA claims. *See Middleton*, 578 F.3d at 657 (citing 38 U.S.C. § 4327(b)). Alternatively, Plaintiff argues that his claims did not accrue until September 2005 when he was advised that the alternative dispute resolution he sought through the government was denied. Further, he asserts that four years had not passed when, in October 2008, the USERRA was amended to

eliminate any statute of limitations. Thus, Plaintiff asserts it was not possible for four years to run on his claims, and his right sued upon was not extinguished.

I reject Plaintiff's arguments, and find that his claims are barred by the four-year limitations period in 28 U.S.C. § 1658(a) in effect when his claims accrued. As to the date of accrual of the claims, I believe Plaintiff's claims accrued in 1997 when UAL allegedly discriminated against him for the reasons discussed by UAL in its motion and reply brief. While Plaintiff argues that his claims did not accrue in September 2005 until his attempts to utilize the administrative process were denied, I do not believe that is accurate. First, as noted by UAL, 38 U.S.C. § 4323(a) does not speak to when a USERRA claim accrues. The Tenth Circuit has held that causes of action under federal civil rights statutes like USERRA accrue when the plaintiff "knew or should have known of the injury that is the basis for the suit." *Smith v. City of Enid by and Through Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998) ("federal law governs the question of accrual of federal causes of action, and thus, dictates when the statute of limitations begins to run . . . ." Certainly, Plaintiff knew or should have known of the injury that is the basis for the suit by December 1997 when he was not admitted into the training program offered that month.

Second, 38 U.S.C. §§ 4322 and 4323 of USERRA do not prevent a claimant from pursing a private cause of action; indeed, even if the claimant uses the administrative process he may abandon that process and pursue a private cause of action. Thus, a USERRA claim does not require that the administrative process be utilized or that the claimant receive a right to sue letter. This is different than, for example, Title VII which

requires claimants to file a charge with the EEOC, receive a right to sue letter and then bring suit within 90 days as "prerequisites to a civil suit." *See Croy v. Cobe Laboratories*, 345 F.3d 1199, 1202 (10th Cir. 2003); *see also* 42 U.S.C. § 2000e5(f)(1). Thus, in this case Plaintiff had the right to bring a private cause of action under the USERRA in 1997 subject to the four year statute of limitations. He did not bring such suit until 2010, well after the four year limitations period had ended.

Plaintiff argues, however, that the statute of limitations should not begin to run until September 2005, when he received notice that the administrative process described in 38 U.S.C. §§ 4322 and 4323 had come to an end. He relies on *Potts v. Howard Univ. Hosp.*, 623 F. Supp. 2d 68, 72-73 (D.D.C. 2009) which, while not directly addressing the accrual date for a USERRA claim, held on a motion to dismiss that the four-year statute of limitations in 28 U.S.C. § 1658 had not run because "the latest possible date the plaintiff's cause of action could have accrued is April 1, 2005, when the plaintiff alleges the second D.C. Office of Human Rights investigation concluded and a right to sue letter was issued." *Id.*

I reject Plaintiff's argument. That is because by the time Plaintiff attempted to utilize the administrative process set forth in §§ 4322 and 4323, his claims in connection with a private suit were already extinguished. The alleged discriminatory acts occurred in 1997, and he did not file a discrimination complaint with UAL asking that it be forwarded to the U.S. Department of Labor until September 2002, more than four years thereafter. Thus, even assuming, *arguendo*, as the *Potts* court did, that a USERRA claim does not accrue until the administrative process is over, Plaintiff's argument is still

unavailing because the statute of limitations ran with respect to Plaintiff' claims before Plaintiff even attempted to use that process. The Supreme Court has made clear that "extending a statute of limitations after the pre-existing period of limitations had expired impermissibly revives a moribund cause of action." *Hughes Aircraft Co. v. United States ex rel. Schumer,* 520 U.S. 939, 950 (1997).

### 2. Whether the VBIA Applies to and Saves Plaintiff's Claims

Finally, I reject Plaintiff's argument that enactment of the VBIA in 2008 providing that no limitations period applies to USERRA claims somehow stopped the running of the limitations period in 28 U.S.C. § 1658(a) or that it applies retroactively to his claims. In that regard, I agree with and adopt the Seventh Circuit's well-reasoned decision in *Middleton* that the VBIA's enactment in 2008 does not apply retroactively to save a plaintiff's claims that accrued before its enactment. *Middleton*, 578 F.3d at 662-63. *Middleton* first noted that "Congress enacted USERRA well after it created the four-year limitations period in § 1658, and we presume that Congress knew that any new federal statute would be subject to such a limitation unless it 'otherwise provided by law.'" *Id*. at 662. It then stated:

> Thus, if Congress wanted a different limitations period to apply to USERRA - or note at all- it needed to say so. And this is precisely what Congress did in 2008, when it passed the Veterans' Benefits Improvement Act, bringing us to our next question-whether the VBIA applied to Middleton's claim.

*Id*.

Middleton argued, as does Plaintiff, that even if § 1658 may have initially applied to his USERRA claims, Congress' enactment of the VBIA saves his lawsuit. *Middleton*,

578 F.3d at 662.  The Seventh Circuit thus was called upon to examine whether the VBIA's amendment retroactively applied to Plaintiff's claims which arose before its enactment.  *Middleton* stated on that issue, "it is well established that a court should not apply a newly enacted statutory provision retroactively unless Congress has clearly mandated such an extension."  *Id.* (citing *Hughes Aircraft Co.,* 520 U.S. at 946-47 and other cases).  It further found, and I agree, that "[t]he VBIA says nothing about whether § 4327(b) applies retroactively."  *Id.*  "In fact, the only hint in the text suggests that it applies *prospectively:* 'If any person *seeks to file* a complaint or claim ....'"  *Id.* (quotation omitted) (emphasis added).  Thus, the Seventh Circuit found that "Congress was aware that for § 4327(b) to have retroactive effect, it needed to say so expressly, and the absence of any such express language in the text indicates that Congress chose not to do so."  *Id.* at 663.  I agree with this analysis and find that the VBIA's enactment does not retroactively apply to revive Plaintiff's claims.

I also agree with the *Middleton* court that even if I could interpret § 4327(b) of the VBIA to apply to some USERRA claims filed before October 10, 2008, this would not save Plaintiff's cause of action.  *Middleton*, 578 F.3d at 663.  That is because, like the claim in *Middleton*, it was already time-barred when § 4327(b) took effect.  As noted by the Seventh Circuit, "[a] plaintiff may overcome the general presumption against retroactivity, but doing so is 'especially tough' when the amended law extends the time within which a plaintiff must file a lawsuit."  *Id.* (quotation omitted).  In *Middleton*, while the plaintiff asked the court "to apply § 4327(b) to revive a time-barred claim, he presented nothing to overcome the presumption against doing so.  *Id*.  The same

analysis applies here. *Middleton* concluded:

> Congress enacted USERRA nearly four years after enacting § 1658, and it did not include in USERRA a statute of limitations or a provision that no limitations period should apply. Accordingly, USERRA is subject to § 1658. Congress, recognizing that USERRA did not discuss the federal statute of limitations, passed the VBIA to provide expressly that no statute of limitations shall apply. The legislature, however, stopped short of bestowing retroactive effect upon the new law, and we decline to extend it without a clear directive.

*Id.* at 664.

Other courts outside the Seventh Circuit that have considered the issue have also agreed with *Middleton*. *See, e.g., Risner v. Haines*, No., 2009 WL 4280734, at *5 (N.D. Ohio Nov. 24, 2009); *Roark*, 2009 WL 4041691, at *5. I agree with and adopt the holding in these cases and find that the VBIA does not revive Plaintiffs' claims which are time-barred.[1]

III. CONCLUSION

Based on the foregoing, I agree with UAL that Plaintiff's claims accrued in 1997 and are barred by the four-year statute of limitations set forth in 28 U.S.C. § 1658(a). I also find that Plaintiff's claims are not revived by enactment of the VBIA and its elimination of a limitations period for USERRA claims. Accordingly, it is

ORDERED that Defendant's Motion to Dismiss (ECF No. 11) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

---

[1] The Supreme Court also noted in *Hughes Aircraft* that "'[a] law that abolishes an affirmative defense' violates the Ex Post Facto clause." *Id.*, 520 U.S. at 948 (quoting *Collins v. Youngblood,* 497 U.S. 37, 49 (1990)). The *Roark* decision found that "[t]he application of Section 4327(b) here would eliminate the Defendant's affirmative defense based upon § 1658 to Plaintiff's 2003 and 2004 USERRA claims." *Roark*, 2009 WL 4041691, at *5. Thus, it held that "*Hughes Aircraft* forecloses the application of Section 4327(b)" to Plaintiff's 1997 USERRA claims. *Id.* The same is true in this case. This provides yet another basis to reject Plaintiff's reliance on the VBIA.

Dated: May 31, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge